JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY D. SHARP, as the Permanent Receiver for Direct Lending Investments, LLC, et al.,<br>　　Plaintiff,<br><br>　　　　v.<br><br>DUFF & PHELPS, LLC,<br>　　Defendant. | CV 20-8069 DSF (MRWx)<br><br>Order GRANTING Motion to Dismiss (Dkt. No. 17) |

　　Defendant Duff & Phelps, LLC has moved to dismiss Plaintiff Bradley D. Sharp's complaint for *forum non conveniens*. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

　　Sharp is the court-appointed permanent receiver for several entities related to Direct Lending Investments, LLC. Pursuant to a written contract, Defendant provided valuation services, including valuation reports, to DLI prior to the appointment of Sharp as receiver. There is no dispute that the contract between DLI and Defendant includes a forum selection clause that states that "the courts of the State of New York shall have exclusive jurisdiction in relation to any claim arising out of this Contract." Def. Ex. A at 11, ¶ 27. There is also no dispute that Sharp, as receiver, stands in the shoes of DLI and is bound to the terms of the contract as DLI would have been.

　　While Sharp does not dispute that his contract claim is subject to the forum selection clause, he argues that his other claims do not "aris[e] out of th[e] Contract." In the Ninth Circuit, "disputes 'arising

under' the agreement [are] only those disputes 'relating to the interpretation and performance of the contract itself.'" Cape Flattery Ltd. v. Titan Mar., LLC, 647 F.3d 914, 924 (9th Cir. 2011). In addition to the breach of contract claim, the complaint alleges claims for professional negligence, gross negligence, aiding and abetting breach of fiduciary duty, and negligent misrepresentation. All of these claims arose out of Defendant's actions while performing its duties under the contract. Further, the negligence claims are very likely to require interpretation of the contract to determine exactly what Defendant's responsibilities were and what disclaimers might have been specified in the contract.

When a valid forum selection clause applies to a case, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 52 (2013). "A valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id. at 63 (2013) (internal brackets omitted). In the analysis of whether the clause should be enforced "a district court may consider arguments about public-interest factors only" and not private concerns. Id. at 64 (2013). "Plaintiff's argument [against the enforceability of the clause] is twofold: (1) he could be deprived of his day in court for practical purposes if the clause is enforced; and (2) enforcing the forum selection clause would contravene a strong public policy of California." Opp. at 8. The first argument amounts to a private convenience argument that the Court is not to consider. While Sharp's status as a court-appointed receiver makes his convenience and any additional expense of litigating in New York slightly more of a public consideration than in the normal case, there is no reason to believe that forcing Sharp to litigate in New York would pose any significant detriment to the receivership estate or its eventual beneficiaries. And while Sharp argues that a strong public policy of California weighs against enforcement, he cites no California cases for this and leans entirely on his status as a receiver – which is insufficient.

None of the other three public interest factors cited by Sharp – court congestion, having local controversies decided at home, and trying a diversity case in the state that is at home with the law – favors his position.  There is very little evidence that New York state courts are more congested that the courts in this District.  It is also not obvious that this is really a "local controversy."  Defendant did its work in New York and the defrauded investors are presumably spread around the country and around the world.  Sharp also fails to show that California law would apply to this case, and, even if it did, there is no reason to believe that New York state courts cannot handle the application of California law or even that the relevant law of the two states substantially differs.

Finally, Sharp argues that if the Court enforces the forum selection clause, it should transfer the case to the Southern District of New York instead of dismissing it.  But the forum selection clause specifies "the courts of the State of New York," which does not include a federal court in New York.  The correct procedure for enforcement of a forum selection clause specifying a state or foreign court is dismissal for *forum non conveniens* because a federal court has no means of directly transferring a case to one of those forums.  See Atl. Marine, 571 U.S. at 60 ("the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.).

The motion to dismiss is GRANTED.

IT IS SO ORDERED.

Date: January 28, 2021

*[signature]*

Dale S. Fischer
United States District Judge